UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER BIGGS,                              :

    Plaintiff,                              :

    vs.                                          :       No. 3:09cv00629(WIG)

METRO-NORTH COMMUTER RAILROAD,        :

    Defendant.                              :
-----------------------------------------------------------------X

RULING ON PLAINTIFF'S OBJECTION TO ORDER TAXING COSTS

    Following a two-week jury trial and the entry of judgment in its favor, Defendant, Metro-North Commuter Railroad, filed a Bill of Costs in the amount of $14,391.31 [Doc. # 178]. Plaintiff objected to the Bill of Costs [Doc. # 179], to which Defendant filed a response [Doc. # 180]. The Clerk of the Court entered an Order allowing in part the Bill of Costs in the amount of $11,858.32 [Doc. # 181]. Plaintiff then filed an Objection to this Order [Doc. # 187], *see* D. Conn. L. Civ. R. 54(d), to which Defendant has responded [Doc. # 188]. After due consideration of the Order, the Objection, and Response, the Court grants in part and denies in part Plaintiff's Objection to the Order Taxing Costs.

    Rule 54(d), Fed. R. Civ. P., grants federal courts the discretion to tax as costs expenses enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superceded on other grounds by* 42 U.S.C. § 1988(c). Under section 1920, a judge or clerk of the court may tax as costs, *inter alia*, the fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies

of any materials where the copies are necessarily obtained for use in the case; and docket fees. 28 U.S.C. § 1920. "[Section 1920] is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co.*, 482 U.S. at 442.

Although the Court is granted discretion in taxing costs against the losing party, "[t]he award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception." *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984). "For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).

Here, Plaintiff challenges not only the allowance of specific items as taxable costs, but he also points to his indigency as a ground for denying the award. Each of his challenges is discussed below.

Plaintiff's Indigency

During the trial of this case, substantial evidence was presented that, following the second of two electrical incidents in the workplace, one in 2006 and the other in 2009, Plaintiff never worked again. Plaintiff has required the assistance of a home health care companion and will require medical care for the rest of his life. There was expert testimony, albeit controverted, about his past and future lost earnings and projected future medical expenses. Plaintiff still owes approximately $43,000 in medical bills to the Hospital of St. Raphael. Although the jury did not find Defendant liable for Plaintiff's injuries, there can be no doubt that Plaintiff suffers from a

number of very significant health problems. Additionally, his wife of 17 years, with whom he lives, suffers from multiple sclerosis and lupus.

When reviewing the taxation of costs, the Court has discretion to consider the losing party's ability to pay, *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994), although "indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. Based upon Plaintiff's limited financial resources, the Court finds that it would be inequitable and unduly burdensome to force Plaintiff to pay the cost award assessed by the Clerk. Accordingly, the award of costs should be reduced by 50 percent. *See Owen v. Georgia-Pacific Corp.*, No. 3:03CV378, 2005 WL 3542407, at *2 (D. Conn. Nov. 28, 2005) (vacating in full an order taxing costs against the losing plaintiff who demonstrated her indigency); *Guinn v. Commodore Cruise Line, Ltd.*, No. 94 Civ. 5890, 1998 WL 289151, at *1 (S.D.N.Y. June 2, 1998) (reducing an award of costs by $1,000 [36%] based on plaintiff's circumstances - that he was severely injured, unemployed, and living with his mother).

Subpoena Fees for Records Custodians Who Did Not Testify At Trial

Plaintiff has challenged the allowance of subpoena fees for various record custodians who did not testify at trial because the parties ultimately stipulated to the authenticity of the records. The Clerk allowed $640 of the requested $1014 in subpoena fees. Because these witnesses not only did not testify but never even had to appear at the trial, the Court will disallow the costs of their subpoenas. *See Chang v. City of Albany*, 842 F. Supp. 1518, 1519 (N.D.N.Y. 1994) (disallowing the cost of service of a subpoena because the witness did not testify at trial).

Deposition Transcripts

Plaintiff challenges most of the requested deposition costs on the ground that the

transcripts of the depositions were provided by Plaintiff to Defendant. Defendant has responded with a sworn affidavit from defense counsel that Plaintiff did not provide any depositions transcripts to Defendant. Additionally, Defendant has provided invoices from the various court reporting firms demonstrating that Defendant was billed for these deposition costs. Absent contradictory proof from Plaintiff, the Court will not disallow these costs based upon counsel's unsworn and unsupported statement that Plaintiff provided the transcripts to Defendant. The Second Circuit has consistently interpreted 28 U.S.C. § 1920(2) as permitting the taxation of deposition expenses, when necessarily incurred for the use of the deposition in the case. *See Whitfield*, 241 F.3d at 270. The Clerk has already properly disallowed costs for expedited copy, mailing, extra copies, DVDs, and e-transcripts. No further reduction will be made (other than the overall 50 percent reduction discussed above).

Vendor Copy Costs

The last group of costs is for copying costs. The Clerk has already reduced the requested costs to eliminate the cost of oversized shop prints. Additionally, the Court will disallow $95 in charges for CDs.

Conclusion

The Clerk had previously awarded costs of $11,858.32. The Court will further reduce this by $95 for the costs of the CDs, and $640 for the costs of subpoena fees for record custodians who were never called as witnesses, which brings the total costs to $11,123.32. The Court further reduces this award by 50 percent based upon Plaintiff's overall circumstances, thus rendering a final cost award of $5,561.66.

Accordingly, the Court awards Defendant costs in the amount of $5,561.66.

SO ORDERED, this    30th    day of January, 2013, at Bridgeport, Connecticut.


                                      /s/ *William I. Garfinkel*
                                      WILLIAM I. GARFINKEL
                                      United States Magistrate Judge